IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OSAMA A. SHALAT,                               No. C-07-5494 MMC

       Plaintiff,                                 **ORDER OF DISMISSAL**

  v.

SUSANVILLE POLICE DEPARTMENT,
SUSANVILLE'S COURT,

       Defendants
_____/

       Before the Court is plaintiff's complaint, filed October 29, 2007.[1]

       In his complaint, plaintiff, who proceeds pro se, alleges the Susanville Police Department committed a "violation" and that the "court house in Susanville did not help." (See Compl., second page.) Plaintiff also alleges that his "civil right" was "violated" and that "nothing was done by the superior court." (See Compl., third page.) Attached to the complaint is a document titled "Court Decision on Trial by Declaration" and dated May 9, 2007, which document indicates that a Judge of the Superior Court of California, County of Lassen, found plaintiff "guilty as charged" in the matter of People v. Shahat, TR100835, and states the "conviction has been reported to the Dept. of Motor Vehicles." (See Compl., sixth page.) Additionally, plaintiff has attached to the complaint a letter addressed to, inter

---

[1] The matter was reassigned to the undersigned on April 7, 2008.

alia, the "Northern District, US Court House, San Francisco," in which plaintiff requests "all cases with a guilty verdict be reviewed and moved to higher court along with this one [plaintiff's guilty verdict]." (See Compl., fourth page.) Plaintiff's complaint does not identify the nature of any civil rights violation or the relief sought.

Thereafter, in a supplement to his complaint, filed February 19, 2008, plaintiff identified the nature of the violation, specifically, that he was cited for a traffic violation by a Susanville police officer even though, plaintiff alleges, he had not violated any law, (see Supp. to Compl., first page), and that, thereafter, the state court convicted him "with a false traffic ticket," (see Supp. to Compl., second page). Further, in said supplemental filing, plaintiff sets forth the specific relief sought herein: (1) "I am asking [the] court to overturn any conviction that I received from Susanville Court for my traffic tickets;" and (2) "I am also asking that Susanville pay half of my expenses that occurred from this incident." (See id.)

Where, as here, a plaintiff proceeds in forma pauperis,[2] the district court "shall" dismiss a complaint if the plaintiff fails to state a claim upon which relief can be granted. See 28 U.S.C. § 1915(e)(2). In the instant case, the Court finds plaintiff has failed to state a claim upon which relief can be granted.

First, to the extent plaintiff seeks review of his state court conviction, the complaint is subject to dismissal, without prejudice to plaintiff's filing a petition for a writ of habeas corpus, after he has exhausted the "remedies available in the courts of the State." See 28 U.S.C. § 2254(b)(1)(A). Second, to the extent plaintiff seeks an award of damages in light of the officer's having allegedly issued a traffic ticket even though plaintiff had not violated any law, the complaint is subject to dismissal, without prejudice to plaintiff's refiling such claims in the event he is successful in setting aside his criminal conviction. See Heck v. Humphrey, 512 U.S. 477, 486-87 (1994) (holding plaintiff cannot seek to "recover damages for [an] allegedly unconstitutional conviction . . ., or for other harm caused by actions

---

[2] On April 3, 2008, the Court granted plaintiff's application to proceed in forma pauperis.

1 whose unlawfulness would render a conviction . . . invalid," unless conviction has been
2 reversed or set aside); <u>Smithart v. Towery</u>, 79 F. 3d 951, 952 (9th Cir.1996) ("There is no
3 question that <u>Heck</u> bars [the plaintiff's] claims that defendants lacked probable cause to
4 arrest him and brought unfounded criminal charges against him.").

Accordingly, plaintiff's complaint is hereby DISMISSED, without leave to amend.

The U.S. Marshal need not serve the summons issued by the Clerk on April 7, 2008.

**IT IS SO ORDERED.**

Dated: April 10, 2008

_____
MAXINE M. CHESNEY
United States District Judge